UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                        )
AQUIDNECK TRUCKING, LLC,                 )
LORI KINNEY SULLIVAN,                    )
                                         )
          Plaintiffs,                    )
                                         )
     v.                                  )          Civil Action No.
                                         )
LIGHTSPEED TRUCKING, LLC.,               )
ANTHONY WONG SHUE a/k/a                  )
ANTHONY WONG SHUE JR.,                   )
ANTHONY WONG SHUE II,                    )
ANTHONY LI WONG SHUE, JR. and            )
ANTHONY LI WONG SHUE II,                 )
ANTHONY LI WONG SHUE, I a/k/a            )
ANTHONY LI WONG SHUE, SR.,               )
SKYWARD TAX & ACCOUNTING                 )
SERVICE, LLC, RELIANT                    )
BUSINESS VALUATION, LLC                  )
TODD KUTCHER, CVA, BEACON                )
BUSINESS BROKERAGE, LLC,                 )
PARASELL, INC., ACCLIVITY                )
FINANCIAL, LLC, CHRISTIAN                )
SUDDIN, CS CONSULTANTS, LLC              )
CS BLUEPRINT, LLC, and                   )
RUSSELL TOMLIN a/k/a ANTONIO             )
TOMLIN and RUSS TOMLIN,                  )
          Defendants,                    )
                                         )
     v.                                  )
                                         )
UNITED STATES SMALL BUSINESS             )
ADMINISTRATION, and                      )
CITIZENS BANK,                           )
                                         )
          Parties-in-Interest.           )
_____)

**<u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>**

1

## INTRODUCTION

This action arises out of the brokerage and sale of a fraudulent trucking business to the Plaintiff Aquidneck Trucking, LLC orchestrated by Defendant Anthony Li Wong Shue, Jr. and his father Anthony Li Wong Shue, Sr., inducing the Plaintiffs to enter into a Small Business Administration ("SBA") loan agreement with Citizens Bank (the "Loan")(hereinafter referred to as the "Lightspeed Transaction") to purchase assets which do not exist.   During the underwriting of the Lightspeed Transaction, there were numerous failings, flaws and deviations from the normal and accepted standards of care in the brokerage, sale and Loan underwriting process upon which the Plaintiffs reasonably relied to their detriment.  Accordingly, the Plaintiffs have brought claims for fraudulent inducement, fraud, deceit and misrepresentation, violation of the Mass. Gen. Laws Ch. 93A, civil conspiracy, breach of contract, breach of the implied covenant of good faith and fair dealing, negligence, breach of fiduciary duty, negligent misrepresentation, promissory estoppel/detrimental reliance, negligent infliction of emotional distress, intentional infliction of emotional distress, unjust enrichment, money had and received, declaratory judgment and an equitable accounting.  Plaintiffs also seek recission of the Loan and the entire Lightspeed Transaction as it was based entirely on fraud and mutual mistake, as well as injunctive and equitable relief.

## PARTIES

1.      Plaintiff Aquidneck Trucking, LLC ("Aquidneck"), is a Massachusetts limited liability company with its principal place of business located at 127 Riverneck Road, Suite 3, Chelmsford, Middlesex County, Massachusetts.

2.      Plaintiff Lori Kinney Sullivan ("Sullivan") is an individual residing in Chelmsford, Middlesex County, Massachusetts.

3.      Defendant Lightspeed Trucking, LLC ("Lightspeed"), is a Colorado limited liability company that, on information and belief, maintains its principal place of business at 2205 Rocky Mountain Avenue, Unit 305, Loveland, Colorado, 80538.

4.      Defendant Anthony Wong Shue, a/k/a Anthony Wong Shue, Jr., Anthony Wong Shue II, Anthony Li Wong Shue, Anthony Li Wong Shue, Jr., and Anthony Li Wong Shue II, ("Wong Shue, Jr.") is an individual who resides at 1959 Wewatta Street, Apt. 208, Denver, Colorado.  Wong Shue, Jr. is the principal owner of Lightspeed.

5.      Defendant Anthony Li Wong Shue I a/k/a Anthony Li Wong Shue, Sr. ("Wong Shue, Sr.") is an individual who, on information and belief, resides at 650 N. Alafaya Trail, Unit 780215, Orlando, Florida, 32878.

6.      Defendant Skyward Tax & Accounting Service, LLC ("Skyward") is a Florida limited liability company with its principal place of business located at 3505 Lake Lynda Drive, Suite 200, Orlando, Florida, 32817.

7.      Defendant Reliant Business Valuation, LLC ("Reliant") is a New Jersey limited liability company with is principal place of business located at 1246 S. River Road, Suite 101, Cranbury, New Jersey, 08512.

8.      Defendant Todd Kutcher, CVA ("Kutcher") is a Certified Valuation Analyst who, on information and belief, resides at 10 Cobblestone Court, Howell, New Jersey 07731.

9.      Defendant Beacon Business Brokerage, LLC ("Beacon"), is a Texas limited liability company with its principal place of business located at 1201 E. Cesar Chavez Street, Suite 2, Austin, Texas, 78702.

10.     Defendant Parasell, Inc. ("Parasell") is a California corporation with its principal place of business located at 940 S. Coast Drive, Suite 100, Costa Mesa, California, 92626.

11.     Defendant Acclivity Financial, LLC ("Acclivity") is a Tennessee limited liability company with its principal place of business located at 300 Broad Street, Elizabethton, Tennessee, 37643.

12.     Defendant Christian Suddin is an individual who, on information and belief, resides at 9201 NW 57th Street, Apt. 301, Tamarac, Florida 33351.

13.     Defendant CS Consultants, LLC ("CS Consultants") is a Florida limited liability company with its principal place of business located at 43 S. Powerline Road, #321 Pompano Beach, Florida, 33069.

14.     Defendant CS Blueprint, LLC ("CS Blueprint") is a Florida Limited liability company with its principal place of business located at 1451 W. Cypress Creek Road, Suite 300, Fort Lauderdale, Florida 33309.

15.     Defendant Russell Tomlin a/k/a Antonio Tomlin and Russ Tomlin ("Tomlin") is an individual who, on information and belief, resides in Glen Allen, Virginia.

16.     Party-in-Interest the United States Small Business Administration ("SBA") is an agency of the United States of America with its Office of General Counsel located at 409 3rd St. SW, Washington, District of Columbia, 20416.

17.     Party-in-Interest Citizens Bank ("Citizens") is a Tennessee banking corporation with its principal place of business located at 300 Broad Street, Elizabethton, Tennessee, 37643.

## JURISDICTION AND VENUE

18.     Jurisdiction over this action is conferred on this court under 28 U.S.C. § 1331 and § 1332 and by contract.

19.     Venue in this district court is appropriate pursuant to 28 U.S.C. § 1391(b) because the events or omissions giving rise to this claim occurred primarily and substantially in

this district and by contract.

## FACTUAL ALLEGATIONS

### *Aquidneck's Presumed Purchase of Lightspeed.*

20.    On or about March 28, 2024, Aquidneck entered into an Asset Purchase Agreement (the "APA") whereby Aquidneck presumed to purchase all of the assets used by Lightspeed in the operation of its trucking logistics business for the purchase price of $1,150,000.00 (the "Purchase Price").  A true and correct copy of the APA is attached hereto as ***Exhibit 1***.

21.    Specifically, Aquidneck purchased nine (9) trucking contracts, the goodwill of the business, as well as a 2015 Prostar truck (the "Truck") registered in Nevada, and other miscellaneous assets.

22.    The Purchase Price was funded by a $107,500.00 cash down-payment made by Aquidneck.

23.    The Purchase Price was also funded by way of an SBA loan borrowed by Aquidneck through Citizens Bank in the amount of $815,900.00 secured by a ten (10) year note and loan agreement number PLP xxxx8191-06 (the "SBA Loan Agreement"), a true and correct copy of which is attached hereto as ***Exhibit 2***.

24.    In addition, Aquidneck entered into two (2) Promissory Notes with Lightspeed in the amount of $122,500.00 ("Note 1") and $164,500 ("Note 2"), under which Lightspeed became a "Standby Creditor" subordinate to the SBA Loan Agreement.  See ***Exhibit 1.***

25.    To secure the SBA Loan Agreement, Aquidneck and its principals executed a Mortgage (the "Mortgage"), which, as collateral, mortgaged two (2) real properties located in Middletown, Rhode Island.  Id.

26.     In conjunction with the SBA Loan Agreement, Aquidneck and its principals also entered into Unconditional Guarantees (the "Guarantees").  Id.

27.     Aquidneck and its principals did not receive good, sufficient or valuable consideration in return for the Mortgage.

28.     Aquidneck and its principals did not receive good, sufficient or valuable consideration in return for the Guarantees.

29.     Aquidneck did not receive good, sufficient or valuable consideration in return for the SBA Loan Agreement.

30.     Aquidneck did not receive good, sufficient or valuable consideration in return for Note 1 or Note 2.

31.     The proceeds from the Purchase Price were distributed to Lightspeed, Wong Shue, Jr., Wong Shue, Sr., and others, by escrow agent James, Bates, Brennan and Groover, LLP (the "Escrow Agent").

32.     Lightspeed, Wong Shue, Jr. and Wong Shue, Sr. received $415,493.80 from the proceeds of the sale.

33.     $187,891.70 from the sale proceeds was paid to various creditors of Lightspeed.

34.     $120,750.00 was paid to Beacon and Parasell who brokered the sale of Lightspeed to Aquidneck.

35.     $50,285.00 was retained by Aquidneck as working capital.

36.     The remainder of the sale proceeds was paid to Acclivity, the Escrow Agent, Reliant, Citizens and others as part of general closing costs.

37.     At no time relevant hereto did the SBA Loan Agreement, the Note 1. Note 2, the Mortgage or the Guarantees conform to the intent of the parties, which was to loan and borrow monies for the presumed purchase of Lightspeed – a purported going concern.

38.     On information and belief, Suddin and his companies, CS Consultants and CS Blueprint, were paid from the proceeds of the sale and were in involved in orchestrating the fraud on the Plaintiffs.

### *The Brokering and Underwriting of the Presumed Sale of Lightspeed.*

39.     At all times relevant hereto, Acclivity handled the underwriting for the Lightspeed transaction.

40.     At all times relevant hereto, Beacon and Parasell brokered the sale of Lightspeed.

41.     Beacon is a business brokerage that regularly advertises and solicits buyers in Massachusetts for its brokered businesses, including the sale of businesses in Middlesex County.

42.     On or about November 3, 2023, Aquidneck responded to one of Beacon's solicitations in Massachusetts for the sale of Lightspeed and Beacon facilitated a letter of intent between Aquidneck and Lightspeed.

43.     On or about November 4, 2023, Aquidneck and Beacon began discussions about the purchase of Lightspeed.

44.     On or about November 6, 2024, Lightspeed entered into a brokerage disclosure agreement with Beacon and Parasell.

45.     On or about November 28, 2023, Beacon advised Plaintiffs that the type of loan product Plaintiffs would need in order to purchase the assets of Lightspeed was an SBA and that the SBA loan was subject to SBA underwriting standards.

46.     Beacon and Parasell represented to the Plaintiff's that Lightspeed was a valid and vetted going concern that was previously under an LOI and that the only reason it had not been purchased was due to a required personal guarantee.

47.     In reliance on Beacon and Parasell's representations, Plaintiffs contacted Commercial Capital, Ltd. in Austin, Texas, who referred the Plaintiffs to Acclivity to obtain an SBA loan.

48.     Pursuant to 13 C.F.R. § 120.220, one of the requirements of an SBA loan is that a lending bank must pay a guarantee to the SBA.

49.     On information and belief, Acclivity and Citizens required the Plaintiffs to pay, from the Loan proceeds and their capital injection, a guarantee fee, in exchange for the underwriting requirements that the SBA requires of banks which fund SBA loans.

50.     The Loan was and SBA loan made pursuant to the SBA 7(a) Loan Program and, therefore, is governed by the provisions of 13 C.F.R. § 120 *et seq.*

51.     Pursuant to 13 C.F.R § 120.180, all SBA lenders, which included Acclivity and Citizens, "must comply and maintain familiarity with the Loan Program Requirements for the 7(a) Program."

52.     "Loan Program Requirements' include:

> …requirements imposed upon Lenders or CDC's by statute, SBA regulations, any agreement the Lender or the CDC has executed with SBA, SBA SOPs, official SBA notices and forms applicable to the 7(a) and 504 loan programs, and loan authorizations, such as requirements are issued and revised by SBA from time to time…  13 C.F.R. § 120.10.

53.     Pursuant to SBA SOP 50-10, and SBA Lender must:

a.    Use reasonable care in closing SBA guaranteed loans.  SBA SOP 50-10, Subpart A, Para 8(d);

b.  Act as reasonably prudent lenders and close SBA guaranteed loans with the same degree of care that they use in closing their own independent loans.  SOP 50-10, Subpart A, Para 8(d); and

c.  Obtain selected financial statements from sellers of businesses when analysis of repayment is dependent on how well assets of the business performed for the seller.  SOP 50-10, Subpart A, Part 4(e).

54.    Plaintiffs paid the SBA guarantee fee so that the Loan would be underwritten according to SBA requirements.

55.    At all times relevant hereto, Acclivity and Citizens failed to comply with and maintain familiarity with the Loan Program Requirements, failed to use reasonable care in closing the Loan and failed to obtain independent, unbiased, reliable and true financial statements from Lightspeed.

56.    During the underwriting of the Loan, Acclivity and Citizens failed to perform the scrutiny necessary for SBA loans, including, without limitation:

a.  Failing to use reasonable care and act as a prudent lender when they loaned money after analyzing tax returns, financial statements and financial projects that were not provided by an independent third-party but by Wong Shue, Sr. (a 28% owner of Lightspeed) and his tax preparation company, Skyward;

b.  Failing to use reasonable care and act as a prudent in lender in failing to verify the financial statements and financial projections underlying the purported value of Lightspeed and its viability as a going concern; and

c.  Failing to use reasonable care and act as a prudent lender when they failed to verify that the assets of Lightspeed, including the Truck and the nine (9) trucking contracts actually existed and were valuable assets.

57.    Plaintiffs were assured by Acclivity and Citizens that the SBA underwriting process was extremely thorough and comprehensive, on which statements Plaintiffs relied.

58.    Yet, Acclivity and Citizens pushed the Loan through in a rushed process despite inconsistencies in Lightspeed's financials that should have raised red flags during the process about which Acclivity and Citizens assured Plaintiff's there was no issue.

9

59.     At all times relevant to the brokering and sale of Lightspeed to the Plaintiffs, Beacon and Parasell failed to perform proper due diligence as to the viability of the business they were selling and failed to utilize a proper vetting process.

60.     Beacon and Parasell failed to observe normal and accepted standards and practices in the due diligence and vetting process, including without limitation a failure to confirm and verify the financial viability of Lightspeed, and failed to confirm and verify the assets underlying the purported valuation and sales price determination of Lightspeed.

61.      On information and belief, a business valuation was performed by Reliant and Kutcher in or about February 2024 as part of the underwriting process.

62.     Reliant and Kutcher failed to exercise due care and observe proper industry standards in the performance of that valuation.

63.     Notably, Reliant and Kutcher relied on tax documents and financial prepared by Skyward, a tax preparation company owned by Wong Shue, Sr., a twenty-eight (28%) owner of Lightspeed.

64.     On information and belief, Beacon, Parasell, Reliant, Acclivity, Citizens, and the SBA failed to ensure that they had independent and unbiased financial reports as part of the underwriting and vetting process for the Lightspeed transaction.

65.     At all times relevant hereto, Acclivity was acting as the underwriter and agent for Citizens.

66.     During the underwriting process, Acclivity failed to perform their underwriting duties in a prudent and commercially reasonable manner, in accordance with established means and methods.

67.     At all times relevant hereto, Acclivity departed from the standard operating procedures and regulations governing underwriters and national banks generally and failed to comply with applicable legal standards and practices for the type of loans made to the Plaintiffs.

68.     On information and belief, the SBA and Citizens also failed to observe standard operating procedures and regulations and failed to observe normal and accepted industry standards and practices with respect to the SBA Loan Agreement, SBA Loan Agreement, the Note 1. Note 2, the Mortgage or the Guarantees.

### *Aquidneck Discovers Lightspeed and the Wong Shue's Fraud.*

69.     On or about April 5, 2024, mere days after entering into the APA, Wong Shue, Jr. filed a Voluntary Petition for Bankruptcy in the United States Bankruptcy Court for the District of Colorado, Denver Division, Case No. 24-11657-KHT (the "Bankruptcy").

70.     Thereafter, Aquidneck discovered that Lightspeed, Wong Shue Jr. and Wong Shue Sr. along with Lightspeed Operations Manager Tomlin had orchestrated and perpetrated a fraud upon the Plaintiffs by knowingly and intentionally proffering false and fabricated profit and loss statements, contracts, truck titles, tax returns and other documents to Aquidneck to sell the assets of Lightspeed which did not exist.

71.     Plaintiffs met with Wong Shue, Jr. and Lightspeed Operations Manager Tomlin, in April 2024, to facilitate the transition of new ownership and management.

72.     Per the parties' agreement, Tomlin agreed to continue his employment with Aquidneck, post-closing, in the same role and function and at the same rate of compensation he had with Lightspeed.

73.     In May of 2024, Tomlin suddenly ceased all communications with Plaintiffs and have not been heard from since.

74.     On information and belief, Tomlin participated in the orchestration of the fraudulent Lightspeed Transaction for which they received monetary compensation.

75.     After the closing, Wong Shue, Jr. delayed in producing the title for the Truck claiming that the title was lost in the mail.

76.     Approximately four (4) months later, Wong Shue, Jr. sent the Plaintiffs title to a truck in the name of another owner, Jonah Souza and sent a lost replacement title to a truck registered in Colorado not Nevada.

77.     At the same time Wong Shue, Jr. and Lightspeed purported to sell the Truck to Aquidneck, the Truck had already been sold to a third-party.

78.     To date, Wong Shure, Jr. and Lightspeed have failed to deliver or transfer title to the Truck to Aquidneck.

79.     After the closing, Wong Shue, Jr. failed and refused to turn over critical business documents and failed to provide access to Lightspeed's business email accounts, Lightspeed and Slack platform, Which Wong Shue, Jr. claimed all of Lightspeed's business operations were processed and documented.

80.     On information and belief, Wong Shue, Jr.'s delays in that regard were intended to conceal the extent of his fraud as long as possible.

81.     As part of the Lightspeed Transaction, Wong Shue, Jr. agreed to transfer all contract revenues to Aquidneck, which Wong Shue, Jr., never did.

82.     Instead, Wong Shue, Jr. provided Aquidneck with a fabricated wire confirmation and additional fabricated banking documents for trucking contract revenues that did not actually exist.

83.    To conceal his fraud, Wong Shue, Jr. unduly delayed in turning over the updated trucking contracts and driver/investor contact information.

84.    Aquidneck was eventually able to locate the current contact information for Lightspeed's purported trucking contracts only to learn that the nine (9) contracts that comprised all of Lightspeed's 2023 revenue and expected company revenue going forward, under which the Loan was premised, were fraudulent and did not exist.

85.    On order to prop-up Lightspeed and Wong Shue, Jr.'s fraud, Wong Shue Sr., and his tax preparation company, Skyward, assisted in the creation of false and inflated Internal Income Statements, Internal Balance Sheets and, ostensibly, in the filing of false and fabricated tax returns and tax documents.

86.    As a result of the Defendants' actions, the Plaintiffs entered into the Lightspeed Transaction loan agreements, security agreements, and personal guarantees, which cannot be repaid and have suffered damages in excess of $900,000 to date, which damages continue to accrue.

87.    As a result of the Defendants' actions the Plaintiffs entered into loan agreements, security agreements, and personal guarantees, including those specifically identified herein, based on false premises and mutual mistake

88.    As a result of the Defendants' actions, including the neglect, negligence, and departure from standard operations procedures and regulations and normal and accepted industry standards and practices, the Lightspeed Transaction and the underlying loan agreements and documents do not confirm to the intent of the parties.

89.     As a result of the fraud orchestrated by the Defendants, there is no income from Lightspeed to repay the SBA Loan Agreement or the Loan in accordance with the expectation of the parties.

90.     On or about July 19, 2024, by way of a phone call, the Plaintiffs notified Acclivity and Citizens of the fraud surrounding the Lightspeed Transaction.

91.     On or about September 10, 2024, Plaintiffs provided formal written notice to Acclivity and Citizens of the fraud surrounding the Lightspeed Transaction.

92.     On or about September 30, 2024, Plaintiffs, through counsel, notified Citizens' SBA liaison, Billy Bowers, of Lightspeed, Wong Shue, Jr. and Wong Shue, Sr.'s and others fraud surrounding the Lightspeed Transaction.

93.     On or about October 19, 2024, Plaintiffs formally requested, through counsel, that Citizens report to the SBA the seller's fraud during the Lightspeed Transaction.

## CLAIMS FOR RELIEF

### COUNT I
### FRAUD, DECEIT AND MISREPRESENTATION
**(Against Lightspeed, Wong Shue, Jr., Sr., Skyward and Tomlin)**

94.     The Plaintiffs repeat and incorporate by reference the allegations contained within the paragraphs stated above as though fully set forth herein.

95.     As set forth above, Lightspeed, Shue, Jr, Shue, Sr. and Skyward made repeated representations to the Plaintiffs regarding the assets, income, and viability of Lightspeed's business and its performance as a going concern.

96.     Lightspeed, Shue, Jr., Shue, Sr., Skyward and Tomlin knew their representations were false and untrue and were made knowingly and intentionally, or with reckless disregard

for their truth and falsity, to induce the Plaintiffs to enter into the APA, the Loan and the Lightspeed Transaction.

97.    Lightspeed, Shue, Jr., Shue, Sr., Skyward and Tomlin made these false representations knowingly and intentionally or with reckless disregard for their truth and falsity to induce Citizens and the SBA to make the Loan to the Plaintiffs.

98.    The Plaintiffs actually relied on Lightspeed, Shue, Jr., Shue, Sr., Skyward and Tomlin's material misrepresentations to their detriment, and the Plaintiffs' reliance on said misrepresentations was justified and reasonable.

99.    As a result of the Defendants' material misrepresentations, the Plaintiffs have suffered and continue to suffer damages for which the Defendants are liable.

**WHEREFORE**, the Plaintiffs demand judgment against the Defendants for fraud, deceit and misrepresentation in accordance with Count I in an amount to be proven at trial, plus interest, attorney's fees and court costs.

## COUNT II
### FRAUDULENT INDUCEMENT
**(Against Lightspeed, Wong Shue, Jr., Wong Shue, Sr., Skyward and Tomlin)**

100.    The Plaintiffs repeat and incorporate by reference the allegations contained within the paragraphs stated above as though fully set forth herein.

101.    By words and by conduct, Lightspeed, Wong Shue, Jr., Wong Shue, Sr., Skyward and Tomlin misrepresented material facts to the Plaintiffs thereby inducing the Plaintiffs to enter into the Lightspeed Transaction.

102.    As set forth above, Lightspeed, Wong Shue, Jr., Wong Shue, Sr., Skyward and Tomlin made misrepresentations of material fact, which they knew to be false regarding the assets, income, and viability of Lightspeed's business and its performance as a going concern.

103.    Lightspeed, Shue, Jr., Shue, Sr., Skyward and Tomlin knew their representations were false and untrue and were made knowingly and intentionally to induce the Plaintiffs to enter into the APA and the underlying loan agreements, security agreements, and guaranty agreements as part of the Lightspeed Transaction.

104.    The Plaintiffs actually relied on Lightspeed, Shue, Jr., Shue, Sr., Skyward and Tomlin's material misrepresentations to their detriment, and the Plaintiffs' reliance on said misrepresentations was justified and reasonable.

105.    The Plaintiffs would not have entered into the APA, the loan agreements, security agreements, the guaranty agreements or the Lightspeed Transaction, but for the Defendants' material misrepresentations.

106.    As a result of the Defendants' material misrepresentations, the Plaintiffs have suffered and continue to suffer damages for which the Defendants are liable.

107.    In addition, Plaintiffs seek recission of the APA, the loan agreements, the security agreements, the notes and the guaranty agreements as set forth herein.

**WHEREFORE**, the Plaintiffs demand judgment against the Defendants for fraudulent inducement, in accordance with Count II in an amount to be proven at trial, plus interest, attorney's fees and court costs.

### <u>COUNT III</u>
### VIOLATION OF MASS. GEN. LAWS CH. 93A, § 11
### (Against Lightspeed, Wong Shue, Jr., Wong Shue, Sr., Skyward and Tomlin)

108.    The Plaintiffs repeat and incorporate by reference herein the allegations contained in the paragraphs above as if fully set forth herein.

109.    The Defendants have engaged in trade or commerce in the Commonwealth of Massachusetts.

110.     The Defendants' unfair and deceptive acts and practices occurred primarily and substantially in Massachusetts and were specifically directed at a Massachusetts business and Massachusetts citizens.

111.     As set forth herein, the Defendants have knowingly and intentionally violated the provisions of Mass. Gen. Laws Ch. 93A by their direct participation in orchestrating the fraudulent sale of Lightspeed to the Plaintiffs.

112.     As a direct and proximate result of the Defendants' unfair and deceptive acts and practices, the Plaintiffs have suffered and continue to suffer damages for which the Defendants are liable.

**WHEREFORE,** the Plaintiffs seek an award of damages against the Defendants for unfair and deceptive acts and practices in accordance with Count III in an amount to be proven at trial, trebled, plus attorney's fees, interest and court costs.

<u>**COUNT IV**</u>
**CIVIL CONSPIRACY**
**(Against Lightspeed, Wong Shue, Jr., Wong Shue, Sr., Skyward, Tomlin,**
**Suddin, CS Consultants and CS Blueprint)**

113.     The Plaintiffs repeat and incorporate by reference herein the allegations contained in the paragraphs above as if fully set forth herein.

114.     The Defendants conspired in a deliberate and joint effort to defraud the Plaintiffs and their lenders as set forth in detail above, including the creating and submission of false tax documents, income statements, contracts, titles, payment records and other financial documents.

115.     The Defendants provided each other with substantial assistance and encouragement in defrauding the Plaintiffs and their lenders as part of a common plan.

116.    As the direct and proximate result of the Defendants' joint efforts and conspiracy to defraud, the Plaintiffs' have suffered and continue to suffer losses and damages for which the Defendants are liable.

**WHEREFORE**, the Plaintiffs seek an award of damages against the Defendants for civil conspiracy in accordance with Count IV in amount to be proven at trial plus attorney's fees, interest and costs.

**COUNT V**
**RECISSION**
**(Against Lightspeed, Wong Shue, Jr. and Wong Shue, Sr.)**

117.    The Plaintiffs repeat and incorporate by reference herein the allegations contained in the paragraphs above as if fully set forth herein.

118.    The Plaintiffs were fraudulently induced to enter into the APA, the SBA Loan Agreement, Note 1, Note 2, the Mortgage and the Guarantees by the Defendants knowing and intentional misrepresentations of material fact.

119.    The Plaintiffs were defrauded into purchasing assets of a going concern that did not exist.

120.    The APA, the SBA Loan Agreement, Note 1, Note 2 the Mortgage and Guarantees and any and all security agreements, encumbrances and UCC filings related thereto, must be set aside and rescinded to avoid injustice and to remedy Defendants' grossly inequitable conduct.

121.    But for the Defendants' orchestration of a material fraud, the Plaintiffs would not have entered into the APA, the SBA Loan Agreement, Note 1, Note 2 the Mortgage and Guarantees and would not have completed the Lightspeed Transaction.

122.    The Plaintiffs come before this Court seeking recission with clean hands.

**WHEREFORE,** the Plaintiffs seek recission of the APA, the SBA Loan Agreement, Note 1, Note 2 the Mortgage, the Guarantees and any and all security agreements, encumbrances and UCC filings related thereto in accordance with Count V in addition to their attorney's fees, interest, and costs.

**COUNT VI**
**RECISSION**
**(Against SBA and Citizens)**

123.     The Plaintiffs repeat and incorporate by reference herein the allegations contained in the paragraphs above as if fully set forth herein.

124.     The Plaintiffs were fraudulently induced to enter into the Lightspeed Transaction, APA, the SBA Loan Agreement, Note 1, Note 2, the Mortgage, the Guarantees and the security agreements, encumbrances and UCC filings related thereto by the Defendants knowing and intentional misrepresentations of material fact.

125.     Citizens and the SBA were fraudulently induced to enter into the APA, the SBA Loan Agreement, Note 1, Note 2, the Mortgage and the Guarantees and to loan money to the Plaintiffs thereunder, by the Defendants knowing and intentional misrepresentation of material fact.

126.     The Plaintiffs, the SBA, and Citizens entered into the Lightspeed Transaction, the APA, the SBA Loan Agreement, Note 1, Note 2, the Mortgage, the Guarantees the security agreements, encumbrances and UCC filings related thereto, based on a mutual mistake of fact that existed at the time of execution of the material documents, including that the loans and obligations related thereto were predicated upon the purchase and sale of a valid and legitimate going concern.

127.     Based on these mutual mistakes of material fact, the fraudulently induced APA, the SBA Loan Agreement, Note 1, Note 2, the Mortgage and the Guarantees do not conform to the intent and expectations of the parties.

128.     The Plaintiffs come before this Court seeking recission with clean hands.

**WHEREFORE,** the Plaintiffs seek recission of the APA, the SBA Loan Agreement, Note 1, Note 2 the Mortgage, the Guarantees, the security agreements, encumbrances and UCC filings related thereto in accordance with Count VI in addition to their attorney's fees, interest, and costs.

## COUNT VII
## BREACH OF CONTRACT
### (Against Lightspeed)

129.     The Plaintiffs repeat and incorporate by reference the allegations contained within the paragraphs stated above as though fully set forth herein.

130.     In or about March 2024, the Plaintiffs entered into the APA whereby the Plaintiffs purchased certain assets of Lightspeed, including nine (9) trucking contracts, the goodwill of the business, as well as the Truck and other miscellaneous assets.

131.     The Defendant has materially breached the APA by failing and refusing to produce the purchased assets, which assets do not exist.

132.     The Defendant has refused to remit contract payments to Plaintiff Aquidneck per the terms of the APA.

133.     In addition, the Defendant has breached the Section 3 Representations and Warranties of Seller, including without limitation Section 3.1 (Seller is validly existing and in good standing); 3.3 (Acquired Assets); 3.7 (Litigation); 3.9 (Absence of Changes); and 3.11 (Customers).

134.    The Plaintiffs have fully and substantially complied with their obligations under the APA.

135.    As a result of the Defendant's material breaches of the APA, the Plaintiffs have suffered and continue to suffer damages for which the Defendant is liable, and which should render the APA null and void.

**WHEREFORE,** the Plaintiffs seek damages against the Defendant for breach of contract in accordance with Count VII in addition to attorney's fee, interest and costs.

<u>**COUNT VIII**</u>
**BREACH OF THE IMPLIED COVENANT OF**
**GOOD FAITH AND FAIR DEALING**
**(Against Lightspeed)**

136.    The Plaintiffs repeat and incorporate by reference the allegations contained within the paragraphs stated above as though fully set forth herein.

137.    The APA contained an implied covenant of good faith and fair dealing by which Lightspeed was bound.

138.    As set forth in detail above, Lightspeed has breached the covenant of good faith and fair dealing that is implied in the parties' agreement by engaging in fraud, unfair and deceptive acts and practices, and materially breaching the APA, depriving Aquidneck of the benefits and fruits of the parties' agreement.

139.    As a direct and proximate result of Lightspeed's breach of the implied covenant of good faith and fair dealing, the Plaintiff has incurred substantial damages for which the Defendant is liable.

**WHEREFORE,** the Plaintiffs seek damages against the Defendant for breach of the implied covenant of good faith and fair dealing in accordance with Count VIII in addition to attorney's fees, interest and costs.

21

## COUNT IX
## NEGLIGENT MISREPRESENTATION
### (Against all Defendants)

140.     The Plaintiffs repeat and incorporate by reference the allegations contained within the paragraphs stated above as though fully set forth herein.

141.     The Defendants provided false information to the Plaintiffs in the course of their business transactions intended for the guidance of the Plaintiffs concerning the Lightspeed Transaction.

142.     In making these false representations the Defendants failed to exercise reasonable care or competence in obtaining and communicating the information to the Plaintiffs and communicated the information with reckless indifference to the truth of the information.

143.     The Plaintiffs were unaware that such representations were false and justifiably relied on same to their substantial detriment and pecuniary loss.

**WHEREFORE**, the Plaintiffs demand judgment against the Defendants for negligent misrepresentation in accordance with Count IX in an amount to be proven at trial, plus interest and court costs.

## COUNT X
## BREACH OF FIDUCIARY DUTY
### (Against Lightspeed, Wong Shue, Jr., Wong Shue, Sr., Skyward, Reliant, Kutcher, Beacon, Parasell and Acclivity)

144.     The Plaintiffs repeat and incorporate by reference the allegations contained within the paragraphs stated above as though fully set forth herein.

145.     The Defendants Skyward, Reliant, Kutcher and Acclivity owed the Plaintiffs a duty of care and loyalty to perform their evaluation, underwriting, underwriting related services and lending related services in a prudent and commercially reasonable manner, in accordance with established means and methods, and in accordance accepted industry standards (including

but not limited to GAP).

146.    The Defendants Skyward, Reliant, Kutcher and Acclivity owed the Plaintiffs a duty of care and loyalty to perform their evaluation, underwriting, underwriting related services and lending related services in accordance with the lender's standard operating procedures and regulations governing national banks generally and governing the SBA, and in compliance with applicable legal standards and practices for the type of loans made to the Plaintiffs.

147.    As set forth in detail above, the Defendants Skyward, Reliant, Kutcher and Acclivity breached their fiduciary duty to the Plaintiffs causing substantial harm to the Plaintiffs and their lenders.

148.    At all times relevant to the Lightspeed Transaction, the Defendants Lightspeed, Wong Shue, Jr. and Wong Shue, Sr. owed the Plaintiffs a duty of care and loyalty as their business partners.

149.    As set forth in detail above, the Defendants Lightspeed, Wong Shue, Jr. and Wong Shue, Sr. breached their fiduciary duty to the Plaintiffs causing substantial harm to the Plaintiffs and their lenders.

150.    The Defendants Beacon and Parasell owed the Plaintiffs a duty of care to conduct their brokerage and sales business in the Commonwealth of Massachusetts in a prudent and commercially reasonable manner, in accordance with established means and methods, and in accordance accepted industry standards to ensure that they were brokering and selling a valid and viable going concern to its clients.

151.    As set forth in detail above, the Defendants Beacon and Parasell breached their fiduciary duty to the Plaintiffs causing substantial harm to the Plaintiffs and their lenders.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants for breach of

fiduciary duty in accordance with Count IX and an award of damages in an amount to be proven at trial, plus interest and court costs.

**<u>COUNT XI</u>**
**NEGLIGENCE**
**(Against Skyward, Reliant, Kutcher, Beacon, Parasell and Acclivity)**

152.    The Plaintiffs repeat and incorporate by reference the allegations contained within the foregoing paragraphs as though fully set forth herein.

153.    The Defendants Skyward, Reliant, Kutcher and Acclivity owed the Plaintiffs a duty of care to perform their evaluation, underwriting, underwriting related services and lending related services in a prudent and commercially reasonable manner, in accordance with established means and methods, and in accordance accepted industry standards (including but not limited to GAP).

154.    The Defendants Skyward, Reliant, Kutcher and Acclivity owed the Plaintiffs a duty of care to perform their evaluation, underwriting, underwriting related services and lending related services in accordance with the lender's standard operating procedures and regulations governing national banks generally and governing the SBA, and in compliance with applicable legal standards and practices for the type of loans made to the Plaintiffs.

155.    The Defendants Beacon and Parasell owed the Plaintiffs a duty of care to conduct their brokerage and sales business in the Commonwealth of Massachusetts in a prudent and commercially reasonable manner, in accordance with established means and methods, and in accordance accepted industry standards to ensure that they were brokering and selling a valid and viable going concern to its clients.

156.    As set forth in detail above, the Defendants breached their duty of care to the Plaintiffs causing substantial harm to the Plaintiffs and their lenders.

24

157.    The Defendants breach of their respective duties of care was the direct and proximate cause of the Plaintiffs' damages, which damages were a reasonably foreseeable result of such breach.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants for negligence in accordance with Count XI an amount to be proven at trial, plus interest and court costs.

**COUNT XII**
**MUTUAL MISTAKE**
**(Against Lightspeed, Wong Shue, Jr., Wong Shue, Sr., Beacon,**
**Parasell, Acclivity, Citizens and the SBA)**

158.    The Plaintiffs repeat and incorporate by reference the allegations contained within the foregoing paragraphs as though fully set forth herein.

159.    As set forth above, the Plaintiffs, Lightspeed, Wong Shue, Jr., Wong Shue, Sr., Beacon, Parasell, Acclivity, Citizens and the SBA entered into the Lightspeed Transaction, the APA, the SBA Loan Agreement, the Note 1, Note 2 the Mortgage, the Guarantees, the security agreements, encumbrances and UCC filings related thereto and made loans based on a mutual mistake of fact regarding basic assumptions underlying the Lightspeed Transaction.

160.    The mutual mistake of fact included that the Plaintiffs were purchasing the assets of a valid and legitimate going concern that could support the repayment of the Loan, the SBA Loan Agreement, Note 1 and Note 2, and documents related to and securing same.

161.    In fact, the Lightspeed Transaction was based on fraud, deceit and misrepresentations perpetrated and orchestrated by Lightspeed, Wong Shue, Jr., Wong Shue, Sr., Skyward and Tomlin.

162.    At no time relevant to the Lightspeed Transaction did the Plaintiffs assume the risk of purchasing a fraudulent business or assets that did not exist.

163.    Accordingly, the Loan, the SBA Loan Agreement, the Note 1, Note 2 the

Mortgage, the Guarantees, the security agreements, encumbrances and UCC filings related thereto should be rescinded, and declared null and void and unenforceable.

**WHEREFORE**, the Plaintiff demands judgment that the Loan, the SBA Loan Agreement, the Note 1, Note 2 the Mortgage, the Guarantees, the security agreements, encumbrances and UCC filings related thereto are rescinded, and declared null and void and unenforceable in accordance with Count XII for mutual mistake.

**COUNT XIII**
**DECLARATORY JUDGMENT**
**(All Defendants)**

164.    The Plaintiffs repeat and incorporate by reference the allegations contained within the foregoing paragraphs as though fully set forth herein.

165.    An actual and serious controversy has arisen between the Plaintiffs and the Defendants as to the following:

a.    Whether the Plaintiffs were fraudulently induced into entering into the Lightspeed Transaction under false pretenses and misrepresentations of material fact;

b.    Whether the Lightspeed Transaction was based on a mutual mistake among all parties and lenders of basic assumptions underlying the transaction including the viability and legitimacy of the underlying going concern supporting the SBA Loan;

c.    Whether Beacon, Parasell, Reliant, Kutcher, and Acclivity failed to act in prudent and commercially reasonable manner, in accordance with established means and methods, and in accordance accepted industry standards;

d.    Whether Beacon, Parasell, Reliant, Kutcher, and Acclivity departed from the standard operating procedures and regulations governing brokers, underwriters, evaluators and national banks generally and governing the SBA, and failed to comply with applicable legal

standards and practices for the type of loans made to the Plaintiffs;

   e. Whether the Loan, the APA, the SBA Loan Agreement, the Note 1. Note 2, the Mortgage, the Guarantees, the security agreements, encumbrances and UCC filings related thereto are void or voidable;

   f. Whether the Loan, the SBA Loan Agreement, the Note 1. Note 2, the Mortgage, the Guarantees, the security agreements, encumbrances and UCC filings related thereto are unenforceable;

   g. Whether the Loan, the SBA Loan Agreement, the Note 1. Note 2, the Mortgage, the Guarantees, the security agreements, encumbrances and UCC filings related thereto are subject to recission; and

   i. Whether Skyward, Suddin, CS Consultants, CS Blueprint and/or Tomlin received proceeds derived from the Defendants' fraud, which proceeds should be disgorged and returned to the Plaintiffs, the SBA, Acclivity and Citizens.

 166. Unless these controversies are resolved shortly, the Plaintiffs are likely to suffer continued irreparable and severe harm as a result of the Defendants' conduct.

 167. The Plaintiffs cannot settle the existing controversies without the aid of this Court's judgment.

 **WHEREFORE**, the Plaintiffs demand a declaration in accordance with Count XIII that:

   a. The Plaintiffs were fraudulently induced into entering into the Lightspeed Transaction under false pretenses and misrepresentations of material fact;

   b. The Lightspeed Transaction was based on a mutual mistake among all parties and lenders of basic assumptions underlying the transaction including the viability and legitimacy of the underlying going concern supporting the SBA Loan;

c.      That Beacon, Parasell, Reliant, Kutcher, and Acclivity failed to act in prudent and commercially reasonable manner, in accordance with established means and methods, and in accordance accepted industry standards;

d.      That Beacon, Parasell, Reliant, Kutcher, and Acclivity departed from the standard operating procedures and regulations governing brokers, underwriters, evaluators and national banks generally and governing the SBA, and failed to comply with applicable legal standards and practices for the type of loans made to the Plaintiffs;

e.      That the Loan, the APA, the SBA Loan Agreement, the Note 1. Note 2, the Mortgage, the Guarantees, the security agreements, encumbrances and UCC filings related thereto are void and voidable;

f.      That he Loan, the SBA Loan Agreement, the Note 1. Note 2, the Mortgage, the Guarantees, the security agreements, encumbrances and UCC filings related thereto are unenforceable;

g.      That the Loan, the SBA Loan Agreement, the Note 1. Note 2, the Mortgage, the Guarantees, the security agreements, encumbrances and UCC filings related thereto are subject to recission; and

i.      That Skyward, Suddin, CS Consultants, CS Blueprint and/or Tomlin received proceeds derived from the Defendants' fraud, which proceeds should be disgorged and returned to the Plaintiffs, the SBA, Acclivity and Citizens.

## COUNT XIV
### EQUITABLE RELIEF
**(Against All Defendants)**

168.    The Plaintiffs repeat and incorporate by reference the allegations contained within the foregoing paragraphs as though fully set forth herein.

169.     As set forth above, the Defendants received monies derived from the fraudulent Lightspeed Transaction and their misconduct, malfeasance, negligence, breach of fiduciary duties and derogation of duties and deviation from accepted industry standards of care during same.

170.     As set forth above, Acclivity, the SBA and Citizens loaned monies to fund the fraudulent Lightspeed Transaction based upon the misconduct, malfeasance, negligence, breach of fiduciary duties and derogation of duties and deviation from accepted industry standards of care by the Defendants.

171.     Accordingly, this Court should exercise its equitable powers to rescind and declare null and void the Lightspeed Transaction, the Loan, the SBA Loan Agreement, Note 1, Note 2, the Mortgage, the Guarantees, the security agreements, encumbrances and UCC filings related thereto and disgorge the Defendants of all monies received as a result of the Lightspeed Transaction and return said monies to the SBA, Citizens, and the Plaintiffs.

172.     This Court should stay all payments, performance and enforcement of and under the Loan, the SBA Loan Agreement, the Note 1, Note 2, the Mortgage, the Guarantees, the security agreements, encumbrances and UCC filings related thereto for the pendency of this litigation.

173.     This Court should exercise its equitable powers to remedy the gross injustice perpetrated against the Plaintiffs by the Defendants.

**WHEREFORE**, the Plaintiff demands equitable relief against the Defendants in accordance with Count XIV in an amount to be proven at trial, plus attorney's fees, interest and court costs.

**COUNT XV**
**INJUNCTIVE RELIEF**
**(All Defendants)**

174.    The Plaintiffs repeat and incorporate by reference the allegations contained within the foregoing paragraphs as though fully set forth herein.

175.    The Plaintiffs seek an injunction to maintain the status quo during the pendency of this litigation.

176.    The Plaintiffs seek injunctive relief to stay all loan payments related to the Lightspeed Transaction, including those due under the Loan, the SBA Loan Agreement, Note 1 and Note 2, during the pendency of this litigation.

177.    The Plaintiffs seek injunctive relief to enjoin the Defendants Acclivity, Lightspeed, Wong Shue, Jr., Wong Shue, Sr., SBA and Citizens from enforcing the Loan, the SBA Loan Agreement, Note 1, Note 2, the Guarantees, the security agreements, encumbrances and UCC filings related thereto against the Plaintiffs or any underlying collateral for the pendency of this litigation.

178.    Without the requested injunctive relief, the Plaintiffs will suffer irreparable harm including but not limited to the loss of their business and foreclosing upon real estate and other personal assets securing the Loan, the SBA Loan Agreement, Note 1 and Note 2.

179.    The harm to the Plaintiffs without granting the injunctive relief requested herein greatly outweighs the harm to the Defendants.

**WHEREFORE**, the Plaintiffs demand an injunction order in accordance with Count XV.

**COUNT XVI**
**MONEY HAD AND RECEIVED**
**(All Defendants)**

180.    The Plaintiffs repeat and incorporate by reference the allegations contained within

the foregoing paragraphs as though fully set forth herein.

181.    As set forth above, the Defendants have received significant amounts of money procured through fraud and grossly inequitable conduct, which in equity and good conscience should be returned to the SBA, Citizens, and the Plaintiffs.

182.    Fundamental principles of equity and good conscience required that all monies received by the Defendants as a result of the fraudulent Lightspeed Transaction be disgorged and returned to the SBA, Citizens, and the Plaintiffs.

**WHEREFORE**, the Plaintiffs demand judgment against the Defendants in accordance with Count XVI in an amount to be proven at trial, plus interest and court costs.

## COUNT XVII
## EQUITABLE ACCOUNTING
### (Against All Defendants)

183.    The Plaintiffs repeat and incorporate by reference the allegations contained within the foregoing paragraphs as though fully set forth herein.

184.    As set forth above, the Defendants have received monies and pecuniary benefits derived from fraud and from actions in breach and derogation of their respective fiduciary duties.

185.    Accordingly, the Defendants have an obligation to disgorge all such monies which they benefitted from and received.

186.    An accounting of such monies is so complicated that it cannot be conveniently taken at law.  Plaintiff conferred a measurable benefit upon the Defendants by providing the Defendants with services during the performance of his employment.

**WHEREFORE**, the Plaintiffs demands judgment against the Defendants in accordance with Count XVII for an equitable accounting.

## COUNT XVIII
## UNJUST ENRICHMENT
### (All Defendants)

187.    The Plaintiffs repeat and incorporate by reference the allegations contained within the foregoing paragraphs as though fully set forth herein.

188.    As set forth above, the Defendants have been unjustly enriched by receiving monies from the fraudulent Lightspeed Transaction, the retention of which would be unjust, inequitable and would go against the fundamental principles of equity and good conscience.

**WHEREFORE**, the Plaintiffs demand judgment against the Defendants for unjust enrichment in accordance with Count XVIII in an amount to be proven at trial, plus interest and court costs.

## COUNT XIX
## PROMISSORY ESTOPPEL/DETRIMENTAL RELIANCE
### (All Defendants)

189.    The Plaintiffs repeat and incorporate by reference the allegations contained within the foregoing paragraphs as though fully set forth herein.

190.    The Defendants made promises and assurances to the Plaintiffs as to the viability and legitimacy of the Lightspeed Transaction and the going concern and assets underlying same to induce the Plaintiffs and their lenders to inter into the transaction.

191.    The Plaintiffs, the SBA and Citizens reasonably relied upon the Defendants' promises and assurances to their substantial detriment.

192.    Therefore, the Defendants are estopped from enforcing the Loan, the SBA Agreement, Note 1, Note 2, the Mortgage, the Guarantees, the security agreements, encumbrances and UCC filings related thereto against the Plaintiffs or any underlying collateral and are further estopped from denying that they owe the Plaintiffs, the SBA and Citizens the

amounts sought in this complaint.

**WHEREFORE**, the Plaintiffs demand judgment against the Defendants for promissory estoppel/detrimental reliance in accordance with Count XIX in an amount to be proven at trial, plus interest and court costs.

## COUNT XX
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (Sullivan v. Skyward, Reliant, Kutcher, Beacon, Parasell and Acclivity)

193.    The Plaintiffs repeat and incorporate by reference the allegations contained in the foregoing paragraphs as though fully set forth herein.

194.    As a direct and proximate result of the Defendants' negligent acts the Plaintiff has suffered injuries, including, but not limited to mental anguish and emotional distress.

195.    The Plaintiff has suffered mental anguish and emotional distress resulting in objective physical symptoms as a result of Defendants' negligent actions, including but not limited to headaches, nausea, abdominal and back pain, sleeplessness, fatigue, stomach pains, loss of appetite, fear, anxiety, despair, depression, and problems concentrating at work.

196.    The Plaintiff's mental anguish and emotional distress injuries were a reasonably foreseeable outcome of the Defendants' negligence and a reasonable person in the Plaintiff's position would have suffered emotional distress under the same or similar circumstances.

197.    As a result of the foregoing, the Plaintiffs seek to recover damages from the Defendants in an amount to fairly and reasonably compensate them for their injuries and related losses.

**WHEREFORE,** the Plaintiff demands judgment against the Defendants in accordance with Count XX for negligent infliction of emotional distress in an amount determined at trial, together with interest and costs.

## COUNT XXI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**(Sullivan v. Lightspeed, Wong Shue, Jr., Wong Shue, Sr., and Tomlin)**

198.    The Plaintiff repeats and incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein.

199.    By conduct described above, the Defendants have inflicted severe emotional distress upon the Plaintiff Sullivan.

200.    The Defendants knew or should have known that severe emotional distress was the likely result of their conduct, which conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized society.

201.    The emotional distress sustained by the Plaintiff Sullivan was severe and of a nature that no reasonable person in her position could be expected to endure it.

202.    The Plaintiff Sullivan's severe emotional distress was directly and proximately caused by the Defendants' intentional extreme and outrageous conduct.

**WHEREFORE,** the Plaintiff demands judgment against the Defendants in accordance with Count XXI for intentional infliction of emotional distress in an amount determined at trial, together with interest and costs.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiffs Aquidneck Trucking, LLC and Lori Kinney Sullivan respectfully request that this Honorable Court enter judgment in their favor and against the Defendants, including but not limited to:

a.    Entry of judgment against the Defendants and in favor of the Plaintiffs on all Counts, in amounts to be determined at trial, plus interest, costs, and attorney's fees, as well as trebled damages as permitted by law;

b.    Recission in accordance with Counts V and VI;

c.      Declaratory judgment in accordance with Count XIII;

d.      Equitable relief in accordance with Count XIV;

e.      Entry of an injunction in accordance with Count XV; and

f.      any further relief this Honorable Court deems just or appropriate.

## REQUEST FOR JURY TRIAL

The Plaintiffs request a trial by jury on all claims contained in this Complaint and Jury

Demand which are so triable by a jury.

Respectfully submitted,

**AQUIDNECK TRUCKING, LLC and
LORI KINNEY SULLIVAN,**
By their attorneys,

*/s/ Michael B. Cole*
Gregory J. Aceto (BBO No. 558556)
aceto@acetolegal.com
Michael B. Cole (BBO No. 679596)
mcole@acetolegal.com
**ACETO, BONNER & COLE, P.C.**
Two Oliver Street, Suite 601
Boston, MA 02109
(617) 728-0888

Dated: November 1, 2024.