**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| **Aquidneck Trucking, LLC et al.**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**Lightspeed Trucking, LLC et al.**<br><br>**Defendants.** | **Civil Action No. 24-12767-NMG** |

**MEMORANDUM & ORDER**

**GORTON, J.**

In this case, a borrower used the proceeds of a loan to purchase assets from an insolvent third party and now sues the lender, among others, for rescission of the loan agreement on the grounds of mutual mistake. Pending before the Court, at this stage, is a motion for temporary restraining order or, in the alternative, a preliminary injunction filed by plaintiffs, Aquidneck Trucking, LLC, ("Aquidneck") and Lori Kinney Sullivan (collectively, "plaintiffs"), to defer the loan payments to the lender, party-in-interest Citizens Bank ("Citizens"). For the reasons set forth herein, plaintiff's motion will be denied.

## I. Background

Aquidneck is a Massachusetts trucking company that, in 2023, entered into an asset purchase agreement with defendant Lightspeed Trucking, LLC ("Lightspeed"). As part of the

transaction, Aquidneck's principals obtained a loan from Citizens, a regional bank located in Tennessee, and its underwriter, defendant Acclivity Financial, LLC ("Acclivity"), to finance their purchase of assets from Lightspeed. That loan, totaling $815,900, was secured by plaintiffs' personal real estate and undertaken based upon the standards of the United States Small Business Administration.

Months later, Aquidneck discovered that Lightspeed in fact did not exist and that its principals, after receiving some of the proceeds of the loan, had filed for bankruptcy. Plaintiffs subsequently brought suit in this Court against Lightspeed, Acclivity and others, naming Citizens as a "party-in-interest." Citizens later agreed to defer plaintiff's payments on its loan for three months, with payments to resume on January 1, 2025.

Plaintiffs have now filed a motion for temporary restraining order or, alternatively, a preliminary injunction against Citizens. Plaintiffs' motion seeks to defer monthly payments on the loan for a period of eight months in order to avoid default and to prevent Citizens from filing any negative credit reports against them. This Court has construed the pleading as a request for a preliminary injunction, set a briefing schedule and convened a hearing at which both sides presented oral argument.

## II. Legal Standard

Preliminary injunctions are an "extraordinary and drastic remedy." Munaf v. Geren, 553 U.S. 674, 689-90 (2008). It is well settled that courts must weigh four factors before granting such relief: 1) the plaintiff's likelihood of success on the merits, 2) the potential for irreparable harm if the injunction were denied, 3) the hardship to the non-movant as compared to the movant and 4) the public interest. Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 15 (1st Cir. 1996).

A likelihood of success on the merits is the factor that "weighs most heavily," without which relief must be denied. Ryan v. U.S. Immigr. & Customs Enf't, 974 F.3d 9, 18 (1st Cir. 2020). When considering the merits of a plaintiff's claim, the emphasis rests only upon those claims brought against the party whom the movant seeks to enjoin. DTZ, Inc. v. UG2 LLC, No. CV 13-10906-PBS, 2013 WL 12129605, at *1 (D. Mass. Nov. 25, 2013).

## III. Application

Plaintiffs here raise over 20 claims only two of which are against Citizens: for rescission and for mutual mistake. Plaintiffs state additional claims against "all defendants" but Citizens is designated as a party-in-interest, not a defendant. Even then, the two claims are interconnected, both requesting rescission of the loan agreement based upon an alleged mutual mistake. Thus, to the extent plaintiff's memorandum discusses a

likelihood of success on the merits of other claims raised in the complaint, such as breach of fiduciary duty, they will not be assessed. Id.

**A. Choice of Law**

In assessing the likelihood of success on the merits, the parties first disagree as to which state's law applies. Plaintiffs rely on Massachusetts law, while Citizens claims the loan is subject to a choice of law provision specifying Tennessee law.

When this Court sits in diversity jurisdiction, as in this case, Massachusetts law and Massachusetts choice of law rules apply. Porter v. Reid, 79 F. Supp. 898, 904 (D. Mass. 1948). Under Massachusetts choice of law rules, this Court will enforce a choice of law provision in an agreement unless that provision is deemed to be "contrary to public policy." DraftKings Inc. v. Hermalyn, No. 1:24-CV-10299-JEK, 2024 WL 1886091, at *12 (D. Mass. Apr. 30, 2024), aff'd, 118 F.4th 416 (1st Cir. 2024).

The provision in the loan agreement here specifies that Tennessee law applies except in circumstances where the government is attempting to enforce the loan agreement (which is not the case here). Nothing in the agreement, plaintiff's memorandum or the record suggests that clause is contrary to public policy. The Court will therefore determine plaintiff's

likelihood of success on the merits by reference to Tennessee law.

**B. Likelihood of Success**

Under Tennessee law, rescission is an equitable remedy that does not merely cancel a contract but instead expunges it "as though it never existed." True v. Deeds & Son, 271 S.W. 41, 42 (Tenn. 1924); Fifth-Third Union Tr. Co. v. Cist, 105 F.2d 282, 285 (6th Cir. 1939). Rescission thus seeks "to restore the parties to their former position" before the contract was made. Robinson v. Brooks, 577 S.W.2d 207, 208 (Tenn. Ct. App. 1978).

Although rescission is generally disfavored, it may be available where the parties were mutually mistaken. Klosterman Dev. Corp. v. Outlaw Aircraft Sales, Inc., 102 S.W.3d 621, 631 (Tenn. Ct. App. 2002). A mutual mistake occurs when both parties to an agreement "labor[] under the same misconception" that relates to the "terms of the agreement" or a "material fact" surrounding the agreement. Trent v. Mountain Com. Bank, 606 S.W.3d 258, 263 (Tenn. 2020); Steadman v. Bailey, No. C/A/122, 1986 WL 4587, at *1 (Tenn. Ct. App. Apr. 18, 1986).

To permit rescission based upon a mutual mistake, the complainant must demonstrate that the mistake 1) was material, 2) was not due to the complainant's own negligence and 3) resulted in some injury. Id. at 631-32. Furthermore, rescission will not be available if the parties "cannot be placed in status

quo." Lamons v. Chamberlain, 909 S.W.2d 795, 801 (Tenn. Ct. App. 1993). Even if those requirements are met, rescission remains a matter of discretion that courts "exercise . . . sparingly." Vakil v. Idnani, 748 S.W.2d 196, 199 (Tenn. Ct. App. 1987).

Here, plaintiffs claim that a mutual mistake exists because the parties to the loan agreement were ignorant of the alleged fraud that later occurred. Plaintiffs aver that the purported mistake is material because Citizens allegedly would not have agreed to make the loan to plaintiffs had Citizens been aware of that fact.

Plaintiffs, however, can point to no aspect of its loan agreement with Citizens or any material fact surrounding that agreement to support their claim. At most, their complaint recites a conclusion that a mutual mistake existed. It is clear from the loan agreement, however, that Citizen's only concern was repayment of the loan with interest, regardless of how the proceeds were used. The loan agreement itself provides that plaintiff Lori Kinney Sullivan and her husband would "unconditionally guarantee payment to [Citizens] . . . until the [loan wa]s paid in full." Citizens obtained the usual protection of its loan by taking a security interest in plaintiffs' personal real estate. The part of the proceeds that financed a failed transaction induced by fraud therefore has no bearing on the terms of the loan.

Plaintiffs contend that evidence of a mutual mistake exists in the recitals of loan agreement (i.e., the "whereas" clauses) indicating that the purpose of the loan was to finance a transaction with Lightspeed which proved to be insolvent. The agreement unequivocally states, however, that Citizens agrees to make the loan subject to the conditions of the loan agreement. Those conditions include a covenant that plaintiff Lori Kinney Sullivan and her husband will "unconditionally" repay the loan, not that repayment is dependent upon the solvency of Lightspeed. There are no facts to demonstrate that there was a material, mutual mistake of fact about Lightspeed or that anything about Lightspeed affected Citizens's decision to authorize the loan. See Trent, 606 S.W.3d at 263 (recognizing mistake is not mutual if not material to agreement); Steadman, 1986 WL 4587, at *1 (same); accord LaFleur v. C.C. Pierce Co., 496 N.E.2d 827, 830 (Mass. 1986) ("[A mutual] mistake must be shared by both parties and must relate to an essential element of the agreement.").

Even had there been a mutual mistake, moreover, rescission would not be an appropriate remedy here because it would fail to return plaintiffs and Citizens to their "status quo." See Robinson, 577 S.W.2d at 208. At the time the loan was entered into, plaintiffs obtained proceeds in the amount of $815,900 from Citizens with a reciprocal obligation to repay. Plaintiffs have since expended those funds, at least, in part, to the

principals of Lightspeed who allegedly defrauded them, and admit an inability to repay the loan. Because the funds have been expended, it is impossible to restore both sides to their status quo at the time the loan agreement was entered into. See Lamons v. Chamberlain, 909 S.W.2d 795, 801-02 (Tenn. Ct. App. 1993) (affirming denial of rescission where purchaser had already reinvested funds, and therefore parties could not be returned to status quo); accord Ann & Hope, Inc. v. Muratore, 676 N.E.2d 478, 483 (Mass. App. Ct. 1997) ("[T]he result should . . . return the parties to the status quo . . . . Accordingly, a plaintiff seeking rescission . . . must generally restore . . . all that he received under [the contract]." (citations and quotations omitted)); Wells Fargo Bank, N.A. v. Jaaskelainen, 407 B.R. 449, 455 (D. Mass. 2009) ("Under the common law, [a] borrower would first need to return the loan proceeds to [a]ffect a rescission.").

Therefore, plaintiffs' claim for rescission based upon an alleged mutual mistake of fact is unlikely to succeed. Accordingly, they are not entitled to preliminary injunctive relief, Ryan, 974 F.3d at 18 ("If the movant cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity."), and the motion will be denied.

ORDER

In accordance with the foregoing, the motion of plaintiffs, Aquidneck Trucking, LLC, and Lori Kinney Sullivan, for a temporary restraining order or, alternatively, a preliminary injunction against Citizens Bank (Docket No. 9) is **DENIED**.

**So ordered.**

Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: December 23, 2024