**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| | ) | |
| **AQUIDNECK TRUCKING, LLC, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Civil Action No.** |
| **v.** | ) | **24-12767-BEM** |
| | ) | |
| **LIGHTSPEED TRUCKING, LLC, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER ON**
**U.S. SMALL BUSINESS ADMINISTRATION'S MOTION TO DISMISS**

**MURPHY, J.**

Plaintiffs Aquidneck Trucking LLC and Lori Kinney Sullivan claim that they obtained a

private loan backed by "Party-in-Interest" U.S. Small Business Administration ("SBA") to

purchase assets that turned out not to exist.  *See* Dkt. 66 (First Amended Complaint, or "Compl.")

at 2; *see also* Dkt. 66-2 (the "SBA-Backed Loan").[1]  Aquidneck seeks recission of the various

notes and instruments consummating the allegedly unfortunate acquisition, including recission of

the SBA-Backed Loan.  *See* Compl. ¶¶ 142–46, 183, 191.  SBA now moves to dismiss itself from

the action.  Dkt. 74.  For the reasons stated herein, the Court will grant SBA's motion.

**I.      SBA's Motion**

SBA makes two arguments, each relying on somewhat different understandings of

Plaintiffs' underlying claims.  Insofar as Plaintiffs seek an injunction requiring SBA to cancel its

approval of the SBA-Backed Loan, SBA argues that this Court lacks subject matter jurisdiction

---

[1] In resolving a motion to dismiss, the Court may consider documents attached to the complaint.  *Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 68 (1st Cir. 2014).

over that claim pursuant to federal sovereign immunity, preserved under the Small Business Act

of 1953, 15 U.S.C. § 634(b)(1).  Dkt. 75 at 3–6 (citing *Vasisht v. Hanmi Bank*, 2021 WL 8316830

(C.D. Cal. Feb. 19, 2021) (ruling thus on a similar claim)).  Insofar as Plaintiffs assert mutual

mistake, and recission of the SBA-Backed Loan thereupon, SBA argues that Plaintiffs have not

stated and cannot state a claim because SBA is not party to that agreement.  *Id.* at 6–8.

Plaintiffs' opposition confirms the latter interpretation.  *See* Dkt. 108 at 1 ("The Plaintiffs

are seeking recission of [various contracts and instruments].").  Plaintiffs state that they named

SBA in the lawsuit—as a "Party-in-Interest," *see* Compl. ¶ 16—to "ensure that the SBA has a full

and fair opportunity to be heard and to preserve and protects its rights and interests in light of

potential recission." Dkt. 108 at 1–2.  Accordingly, the Court focuses on SBA's argument that

Plaintiffs have failed to state a claim.[2]

II.    **Plaintiffs' Response**

Plaintiffs' main response to that part of the motion is that SBA *is* a party to the SBA-Backed

Loan.  *Id.* at 2 (arguing that, "[w]hile the SBA is not a direct signatory [to the SBA-Backed Loan]

it is still an indirect party").  As a technical matter, this is clearly incorrect.  *See, e.g.*, SBA-Backed

Loan at 1 (stating that the agreement is "by and between" Aquidneck and its private lender).

Rather, SBA is a guarantor of the SBA-Backed Loan pursuant to a separate guarantee agreement.

*See* Compl. ¶¶ 50–52 (explaining that the SBA-Backed Loan was "made pursuant to the SBA 7(a)

Loan Program and, therefore, is governed by the provisions of 13 C.F.R. § 120 *et seq.*"); 13 C.F.R.

§ 120.2(a)(2) ("A guaranteed loan is initiated by a Lender agreeing to make an SBA guaranteed

---

[2] This framing does present somewhat of a snare.  If recission constitutes an "injunction . . . or similar process
. . . against" SBA "or [its] property," then sovereign immunity bars jurisdiction. 15 U.S.C. § 634(b)(1). Alternatively,
if the Court were to find that recission would not affect SBA or its property, the claim as against SBA is almost
certainly non-colorable on its face.  The Court proceeds past this jurisdictional Scylla and Charybdis on the uncertain
assumption that a party in SBA's position might have an interest (perhaps, a non-property interest) warranting
inclusion in an action for recission without running afoul of the statute.

loan to a small business and applying to SBA for SBA's guarantee under a blanket guarantee agreement (participation agreement) between SBA and the Lender."); *see also* 38 AM. JUR. 2d *Guaranty* § 2 (explaining that "guaranties are separate contracts, collateral to and independent of any underlying agreement").

Plaintiffs cite no authority under governing Tennessee law (or otherwise) for the proposition that a non-contracting party is a proper defendant (or "Party-in-Interest") for contract claims such as these.[3] *Cf. Kimbro Equities I v. Metro. Fed. Sav. & Loan Ass'n*, 94 F.3d 645 (6th Cir. 1996) ("[Under Tennessee law,] only parties to the contract are subject to the remedy of rescission."); *Park City Van & Storage Co. v. City of Knoxville*, 1987 WL 14285, at *3 (Tenn. App. July 21, 1987) ("As a general rule only a party to a contract or deed or its privity has contractual standing to bring a suit for rescission.").

Nor have Plaintiffs established that SBA has the kind of party-adjacent "substantial interest" that has led courts to sometimes find participation necessary in an action seeking recission. *See, e.g.*, *B. Fernandez & Hnos., Inc. v. Kellogg USA, Inc.*, 440 F.3d 541, 545–48 (1st Cir. 2006) (finding putative intervenor had an interest in the subject of litigation where it was arguably a party to the challenged contract based on a disputed assignation); *Acton Co. Inc. of Mass. v. Bachman Foods, Inc.*, 668 F.2d 76, 80–82 & n.3 (1st Cir. 1982) (finding original parent-company signatory necessary for litigation where parent company retained specific rights under the contract, distinguishing case of "mere guarantor"). By contrast, the contract terms

---

[3] *See Aquidneck Trucking, LLC v. Lightspeed Trucking, LLC*, 761 F. Supp. 3d 323, 326–27 (D. Mass. 2024) (applying the SBA-Backed Loan's choice-of-law provision).

Plaintiffs cite merely establish: 1) that the parties were aware of SBA's guarantee;[4] and 2) certain contingencies in the event of an SBA takeover.[5]  This is plainly insufficient.

III.     **Conclusion**

For the foregoing reasons, SBA's motion to dismiss is GRANTED.[6]

**So Ordered.**

/s/ Brian E. Murphy
Brian E. Murphy
Dated:  June 20, 2025                                Judge, United States District Court

---

[4] SBA-Backed Loan at 1, 18 (cited Dkt. 108 at 2).

[5] SBA-Backed Loan at 17, 19, 21 (concerning governing law, non-waiver of federal immunity, arbitration, and the process for determining interest rates) (cited Dkt. 108 at 2).

[6] Plaintiffs also argue, should the Court grant SBA's motion, that SBA should be barred under the doctrine of judicial estoppel from "any future attempts" at taking contrary positions.  Dkt. 108 at 3-4.  Any such argument would depend on the context of the situation.  *See Alt. System Concepts, Inc. v. Synopsys, Inc.*, 374 F.3d 23, 33 (1st Cir. 2004) ("Each case tends to turn on its own facts.").  Accordingly, such argument is premature.